**Dorothy Lane BOYD et al., Appellants,**

v.

**J. W. BOYD, Appellee.**

Court of Appeals of Kentucky.

May 20, 1960.

Redwine & Redwine, Marcus C. Redwine, Jr., Winchester, for appellants.

M. E. Strange, Strange & Pendleton, Floyd Russell, Stanton, for appellee.

MILLIKEN, Judge.

The principal questions on this appeal pertain to the amount of alimony allowed the wife and the amount of the fee allowed her counsel.

J. W. Boyd, a man over seventy years of age and the father of grown children, married the appellant, Dorothy Lane Boyd, a woman in her early thirties. For two and a half years they sailed an annoying marital sea. Boyd had a handicapped, adult daughter dependent upon him and living with him on the farm where he brought his new wife to live. The daughter was able to do minor tasks and his testimony reveals his solicitude for her. His wife apparently felt that she was ignored, at one time filed suit for divorce, but withdrew it and re-

turned to live with Boyd when he executed a contract "the consideration of which is that the parties will resume the marriage relationship and will make a home for each other as husband and wife should." Under the terms of the contract Boyd deposited $1,200 in the Powell County Bank, not to be checked out by either party but to pass to his wife on his death and the interest thereon to be paid to her during his life. The truce from this agreement was short lived—about three months, after which the wife departed not to return. Boyd filed his action for divorce and she counterclaimed. The judgment granted the divorce to the husband and $600 lump sum alimony to the wife.

Boyd owned a mountain farm which was estimated to be worth between $6,000 and $10,000. The tobacco on the farm brought approximately $1,000 a year and that together with $100 from an easement for a pump and $62 a month social security constituted the bulk of his income. He had a bank deposit of $720 at the time of the judgment.

The record reveals, however, that after his marriage to appellant Boyd set aside $3,000 or more for the care of his handicapped daughter and conveyed the farm to his other children, reserving a life interest and certain privileges to himself. He allowed his wife $2.50 a month to spend as she wished, but refused most of her requests for house furnishings. The record discloses a series of petty irritations about which the parties were candid and not as critical of each other as usually is the case in a contested action for divorce. For example, she let her hair grow in order to get him to buy a china cabinet, but cut it short the next time she left him. She commented that letting her hair grow was the only way she could induce him to buy it, but admitted that her husband was not lazy even if she thought he was too frugal.

In view of the disparity in the ages of the parties, the brevity of their marriage, and the other circumstances disclosed, it is the consensus of the Court that the lump sum allowance for alimony is a reasonable one. However, it also is our conclusion that the $50 allowance made to the wife's lawyer is inadequate. We direct that he be allowed $200 for his services, chargeable to the husband. KRS 453.120.

The judgment is thus affirmed in part and reversed in part.